UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI VERMA, et al., | No. 2:13-cv-00865-MCE-EFB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| EFRAT OKEV, et al., | |
| Defendants. | |

This case arises from a dispute between two married couples who are also sole shareholders of a close corporation. Kristi Verma, Vishal Verma and Zentek Corporation ("Zentek") (collectively, "Plaintiffs") allege fourteen causes of action against Efrat Okev, Lloyd Burton, and Augzenta, Inc. ("Augzenta") (collectively "Defendants") for: (1) Breach of Fiduciary Duty; (2) Misappropriation of Corporate Assets; (3) Interference with Contract; (4) Interference with Prospective Economic Advantage; (5) Unfair, Unlawful and Fraudulent Acts and Practices; (6) Conversion; (7) Breach of Covenant of Good Faith and Fair Dealing; and (8) Conspiracy. ECF No. 37. Currently before the Court is Plaintiffs' Motion to Appoint a Provisional Director (ECF No. 57), by which they seek an order appointing an additional director to Zentek's board to break a deadlock between

///

///

existing directors over whether to revive the currently suspended corporation. For the reasons set forth below, Plaintiffs' Motion is DENIED.[1]

## BACKGROUND[2]

The individual Plaintiffs and individual Defendants, two married couples, had been close friends for many years. On or about August 1, 2005, they entered into an agreement to start an IT consulting business and subsequently formed Zentek. It was implicit in their agreement that no party would start a competing IT consulting and management service company.

Zentek is a California corporation with its principal place of business in California. The two wives were elected as its directors. Kristi Verma ("Verma") is Chief Executive Officer and President, and Efrat Okev ("Okev") is Chief Financial Officer and Secretary. The corporation's stock was split 26% to each wife and 24% to each husband, and the parties ran a profitable business for many years. Since then, however, Zentek ceased operations and has been suspended by both the California Secretary of State and the Franchise Tax Board for failing to file required documents and failing to meet tax requirements. Verma Decl., ECF No. 56-1, ¶ 7; Mot., ECF No. 57, at 2.

Recently, Plaintiffs discovered that the individual Defendants had started Augzenta, a new IT consulting and management firm. Augzenta is a Missouri corporation with its principal place of business in St. Louis, Missouri. Augzenta claims that it has conducted no business in California and has no California customers. Plaintiffs nonetheless allege that the individual Defendants used Zentek's customer lists, intellectual property, confidential trade information and secrets, and other corporate assets to start Augzenta. Additionally, current Zentek customers and key employees

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g); ECF No. 67.

[2] Unless otherwise noted, the following facts are taken from Plaintiffs' First Amended Complaint. ECF No. 37.

2

were purportedly solicited to work with and for Augzenta as well. Augzenta also uses Zentek's name and logo and represents on its website that it is Zentek's successor.

As is relevant to Plaintiffs' current motion, Zentek's only two directors, Verma and Okev, disagree as to whether to revive Zentek as a corporation. Verma Decl. at ¶¶ 10-11. Accordingly, Plaintiffs filed this motion pursuant to California Corporations Code section 308 seeking the appointment of a provisional director to break this deadlock.

## ANALYSIS

The purpose of California Corporations Code section 308 is to ensure that a corporation's ability to transact business is not compromised as a result of a deadlock between corporate directors. Section 308(a) states:

> If a corporation has an even number of directors who are equally divided and cannot agree as to the management of its affairs, so that its business can no longer be conducted to advantage or so that there is danger that its property and business will be impaired or lost, the superior court of the proper county may . . . appoint a provisional director pursuant to this section.

Cal. Corp. Code § 308(a).[3]

Pursuant to this section, court intervention may be appropriate when it is clear that the deadlock would have an adverse effect on the ability of the corporation to operate effectively. See, e.g., In re ANNRHON, Inc., 17 Cal. App. 4th 742, 754 (5th Dist. 1993) (holding the director deadlock over whether to expand the business or sell out reflected a degree of dissension that prevented any movement on the issues). The party requesting the appointment of a provisional director under section 308 must prove either: (1) that "business can no longer be conducted to advantage"; or (2) that "there is a

---

[3] The Court notes that section 308(a) specifically provides that the "superior court of the proper county" may appoint a provisional director. Though not critical to the Court's decision, based on this language, it is not clear whether Plaintiffs have pursued their current request in the proper court. Indeed, they cite no authority for the proposition that this Court rather than the superior court may grant the relief requested pursuant to that section.

3

danger that its property and business will be impaired or lost." Cal. Corp. Code § 308(a). Plaintiffs fail to meet this burden here.

As a threshold matter, Plaintiffs do not identify how Zentek's business is being impaired by the disagreement about whether to revive the corporation since Zentek apparently ceased operating over two years ago. There is thus no ongoing business for the corporation to conduct. Similarly, since Zentek already ceased operations, and is in fact suspended, it is unclear how there is any danger that "its property and business will be impaired or lost."[4] In sum, California Corporations Code section 308 is designed to ensure the continued vitality of a corporation, not to revive a suspended corporation where no current or future prospects of conducting business have been alleged. Accordingly, Plaintiffs have failed to satisfy the statutory requirements of section 308, and their Motion is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Appoint a Provisional Director (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated:  January 28, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Moreover, Plaintiffs again fail to cite any relevant authority standing for the proposition that this court may appoint a provisional director to serve an already suspended corporation in the first place. Under California law, a suspended corporation is disqualified from exercising any right, power, or privilege, including prosecuting or defending an action, or appealing a judgment. Timberline, Inc. v. Jaisinghani, 54 Cal. App. 4th 1361, 1365 (2d Dist. 1997). Absent some authority to the contrary, then, the Court finds it unlikely a provisional director may be appointed in this context either.